**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Harold Schad,<br><br>    Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-97-2577-PHX-ROS<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Before the Court is Petitioner's Motion to Alter or Amend Judgment. (Dkt. 124.) In an Order dated September 29, 2006, the Court denied Petitioner's amended habeas corpus petition. (Dkts. 121, 122.) The Court simultaneously issued a Certificate of Appealability ("COA") with respect to Claims A and P. (Dkt. 123.) In the present motion, Petitioner challenges the procedure by which the Court issued the COA and the Court's resolution of Claims L and AA(1).

    1.    Issuance of COA

Petitioner contends that the Court does not have the authority to issue a COA *sua sponte*, prior to an application being made by Petitioner. The Court disagrees.

As set forth in 28 U.S.C. § 2253(c)(1), an appeal may not be taken from a final order in a habeas proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides:

> In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of

   appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4 (1983)).

  Petitioner has cited no authority to support the proposition that the § 2253(c) or Rule 22(b) requires the district court to await a petitioner's application before issuing a COA. To the contrary, case law consistently supports the district court's authority to grant or deny a COA *sua sponte*. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002) (per curiam) ("a district judge may issue or deny a COA when he rules on a habeas motion"); *Deleon v. Strack,* 234 F.3d 84, 87 (2d Cir. 2000) (upholding district court's decision to issue a COA *sua sponte*); *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.").

  The analysis set forth in these cases persuades this Court that Petitioner's position is without merit. In *Castro*, the Sixth Circuit rejected the argument, also raised by Petitioner here, that a "premature," *sua sponte*, ruling on a COA deprives a petitioner of an opportunity to argue that he is entitled to a certificate pursuant to the standard set forth in § 2253(c) and *Barefoot*. *Id.* at 903. The court noted that Rule 22(b)(1) requires a district court to decide whether to issue a COA in situations where a petitioner has filed a notice of appeal, whether or not the petitioner also filed a motion and brief in support of a COA. *Id.* "Thus the structure of Rule 22(b) clearly contemplates the decision on issuance of COAs by both

district and court of appeals judges in circumstances where the applicant for a writ of habeas corpus has not filed a motion for a COA." *Id.*

Moreover, in issuing a COA this Court had before it all of the information necessary to evaluate the strength of each of Petitioner's allegations that his rights were violated. As the Fifth Circuit noted in *Alexander*:

> Arguably, the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.

211 F.3d at 898.

This Court agrees. Based on its experience with motions for COAs, the Court determined that additional briefing by Petitioner, who is represented by court-appointed counsel, would be unlikely to provide information not already present in the extensive pleadings filed in this case and would thus constitute an unwarranted drain on scarce judicial resources. More significantly, in issuing the COA in this case, the Court was aware of and applied the appropriate standards to assess which of Petitioner's claims was suitable for a COA.

Petitioner's motion requesting the Court to alter or amend its judgment to permit Petitioner to apply for a COA and submit briefing in favor of the application is therefore denied.

2. Reconsideration of Claims L and AA(1)

Petitioner requests that the Court alter or amend its order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion under Rule 59(e) is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the

moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

In support of his motion, Petitioner repeats the arguments that the Court has already considered. Because the gravamen of Petitioner's arguments is simply a demand that the Court rethink decisions it has already made, the motion must be denied.

In asking the Court to reconsider its denial of Claim L, Petitioner repeats the allegation that his due process rights were violated by the Arizona Supreme Court's determination that his prior conviction for second-degree murder constituted an aggravating circumstance. In its Order denying the amended habeas petition, the Court found that Petitioner was not entitled to relief on Claim L because (1) the Arizona Supreme Court construed its own law in finding that the prior conviction constituted an aggravating factor, and that construction was binding on this Court, *Horton v. Mayle*, 408 F.3d 570, 576 (9th Cir. 2005); (2) Petitioner was precluded from challenging the constitutionality of his prior conviction because the conviction was no longer open to direct or collateral attack, *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001); and (3) Petitioner was not prejudiced by the supreme court's consideration of the prior conviction as an aggravating factor because the court determined that the pecuniary gain factor had also been proved and it alone outweighed the totality of the mitigating evidence, *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Bullington v. Missouri*, 451 U.S. 430 (1981); *Poland v. Arizona*, 476 U.S. 147, 154 (1986).

In the present motion, Petitioner restates arguments that this Court has already rejected. The arguments do not address the above-cited bases of the Court's decision, and fail to persuade the Court to alter its analysis.

Similarly, with respect to Claim AA(1), alleging ineffective assistance of appellate

4

counsel, Petitioner repeats the arguments raised in his merits brief.  Petitioner again contends that counsel's performance was deficient and prejudicial because he failed to raise as an appellate issue the trial court's exclusion of evidence regarding the victim's mental health. Petitioner asserts that such evidence, in the form of the victim's medical records and the presentation of a so-called psychiatric autopsy, would have suggested that the seventy-four-year-old victim experienced a depression so severe that while traveling across country to visit a relative, he stopped his car by the side of the road and strangled himself to death (immediately after which Petitioner came into possession of his vehicle and wallet). According to Petitioner, evidence of the victim's mental state was admissible at trial; its erroneous exclusions prevented Petitioner from presenting a defense; and appellate counsel's failure to raise the issue constituted ineffective assistance of counsel.

This Court again finds that Petitioner was not prejudiced by counsel's failure to raise the issue because the evidence was not admissible under Arizona law.  *See State v. Montijo*, 160 Ariz. 576, 774 P.2d 1366 (Ariz.App. 1989).  Contrary to Petitioner's arguments, it is clear that Petitioner sought to introduce expert testimony or records regarding the victim's mental health not as "general information about a character or behavioral trait" (i.e., depression and suicidal tendencies); instead, the evidence took the form of "a particularized opinion about how that trait was manifested in the case at trial" (i.e., the victim was not murdered but killed himself).  *Id.* at 580, 774 P.2d at 1370.  Because the evidence at issue was inadmissible, appellate counsel was not ineffective for failing to challenge its exclusion on direct appeal.

For the reasons set forth above,

**IT IS HEREBY ORDERED DENYING** Petitioner's Motion to Alter or Amend Judgment.  (Dkt. 124.)

5

DATED this 26th day of January, 2007.

_____
Roslyn O. Silver
United States District Judge