**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Harold Schad, | ) No. CV-97-02577-PHX-ROS |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| v. | ) |
| Charles L. Ryan, et al., | ) **ORDER DISMISSING MOTION FOR** |
| Respondents. | ) **RELIEF FROM JUDGMENT** |

Before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 145.) The motion is based on the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which held that ineffective assistance of post-conviction counsel may serve as cause to excuse the procedural default of a claim alleging ineffective assistance of trial counsel. Petitioner argues that *Martinez* provides a proper ground for this Court to reopen these proceedings to consider anew the merits of his claim alleging ineffective assistance of counsel at sentencing ("Claim P"). Respondents oppose the motion. (Doc. 147.) The Court concludes that, because Petitioner's Rule 60(b) motion is a challenge to the Court's resolution of Claim P on the merits, it constitutes a second or successive petition that may not be considered by this Court absent authorization from the Court of Appeals for the Ninth Circuit.

**BACKGROUND**

In 1979, a jury convicted Petitioner of first-degree murder for the 1978 strangling of 74-year-old Lorimer Grove, and the trial court sentenced him to death. Details of the crime are set forth in the Arizona Supreme Court's first opinion upholding Petitioner's conviction and sentence. *See State v. Schad*, 129 Ariz. 557, 561–62, 633 P.2d 366, 370–71 (1981). Pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, Petitioner filed a petition for post-conviction relief, which the trial court denied. Upon petition for review, however, the Arizona Supreme Court reversed the conviction due to an error in jury instructions and remanded for a new trial. *State v. Schad*, 142 Ariz. 619, 691 P.2d 710 (1984).

In 1985, a jury again convicted Petitioner, and the trial court again sentenced him to death. On direct appeal, the Arizona Supreme Court affirmed. *State v. Schad*, 163 Ariz. 411, 423, 788 P.2d 1162, 1174 (1989). The United States Supreme Court granted certiorari but ultimately affirmed.[1]  *Schad v. Arizona*, 501 U.S. 624 (1991).

Petitioner sought post-conviction relief in the state trial court, which found many of the claims procedurally precluded. The court denied post-conviction relief after reviewing the merits of the remaining claims. The Arizona Supreme Court summarily denied a petition for discretionary review.

Petitioner initiated these federal habeas proceedings in 1997 and filed an amended petition for habeas corpus relief in 1998. The petition alleged ineffective assistance of counsel at sentencing due to counsel's failure to (1) adequately investigate Petitioner's criminal background and develop available mitigating evidence; (2) locate records and interview persons familiar with Petitioner's background; (3) object to erroneous information contained in the presentence report; and (4) present proportionality evidence at sentencing.

---

[1] The Court granted certiorari to address two questions, both of which it answered in the negative: "[W]hether a first-degree murder conviction under jury instructions that did not require agreement on whether the defendant was guilty of premeditated murder or felony murder is unconstitutional; and (2) whether the principle recognized in *Beck v. Alabama*, 447 U.S. 625 (1980), entitles a defendant to instructions on all offenses that are lesser than, and included within, a capital offense as charged." *Schad*, 501 U.S. at 627.

1   (Doc. 27 at 84–85.)  In their Answer, Respondents (who first labeled the sentencing
2   ineffectiveness allegations as "Claim P") conceded that sub-parts (1)–(3) were properly
3   exhausted during the state post-conviction proceeding.  (Doc. 29 at 25.)  In May 2000, the
4   Court issued an order concerning the procedural status of Petitioner's claims, finding many
5   to be procedurally barred or plainly meritless.  (Doc. 59.)  The Court ordered the parties to
6   brief the merits of the remaining claims, including sub-parts (1)–(3) of Claim P.  (*Id.*)

7   　　　　Petitioner filed his merits brief in October 2000.  Regarding Claim P, Petitioner
8   focused on counsel's failure to investigate Petitioner's miserable and abusive childhood,
9   arguing that counsel's investigation was inadequate and that counsel failed to present
10  "persuasive, corroborating evidence, including records and witnesses, of the nature and
11  extent of [the abuse], as well as its longstanding effects on him."  (Doc. 82 at 81.)  In support,
12  Petitioner proffered numerous materials not presented to the state court, including an
13  affidavit from his mother, an affidavit from an investigator recounting a conversation with
14  Petitioner's sister, employment records of Petitioner's mother, and Veterans' Administration
15  records of Petitioner's father and younger brother.  (Doc. 84.)  In opposition, Respondents
16  disputed that counsel's performance was either deficient or prejudicial.  (Doc. 91 at 63.)
17  Citing 28 U.S.C. § 2254(e)(2), Respondents further argued that Petitioner was precluded
18  from getting a federal evidentiary hearing due to his failure to exercise due diligence in state
19  court to develop the facts supporting Claim P.  (*Id.* at 65.)  In his reply, Petitioner appended
20  an affidavit from Leslie Lebowitz, Ph.D., which focused on the mental health of Petitioner's
21  parents.

22  　　　　More than three years after the conclusion of merits briefing, Petitioner moved to
23  expand the record to include a 92-page affidavit from Charles Stanislaw, Ph.D.  (Doc. 115.)
24  Dr. Stanislaw opined concerning the mental health of Petitioner's parents and the effect of
25  their condition, and of other social and economic factors, on Petitioner's psychological
26  development.  The affidavit also chronicled Petitioner's education, military service, and
27  criminal activities, and theorized about the cause of Petitioner's erratic and self-defeating
28  behaviors.  Dr. Stanislaw concluded that Petitioner "exhibited many symptoms indicative of

- 3 -

a severe and chronic illness. His history of abuse, neglect, and abandonment cannot be ruled out as playing a significant factor in [his] psychiatric and behavioral functioning as an adult." (*Id.* at 90.)

Respondents filed an opposition to the expansion request, again arguing that Petitioner's lack of diligence and failure to meet the narrow exceptions of § 2254(e)(2) precluded a federal evidentiary hearing. (Doc. 116.) Respondents also argued *inter alia* that expansion of the record was unnecessary because the Court's determination of whether the state court had reasonably applied *Strickland* in denying Claim P was limited to consideration of the record that was before the state court when it ruled.

In September 2006, the Court entered an order and memorandum of decision denying habeas relief. (Doc. 121.) With regard to Claim P, the Court concluded that Petitioner had failed to show that the state court's denial of the claim was based on an unreasonable application of *Strickland*. (*Id.* at 61–67.) The Court further found, with respect to Petitioner's attempt to introduce factual information that was not before the state court when it ruled, that Petitioner lacked diligence in developing these facts and therefore was not entitled to an evidentiary hearing or expansion of the record. (*Id.* at 84–86.) Nonetheless, the Court determined that, even considering the new materials, Claim P lacked merit. (*Id.* at 64–67.)

On appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded for an evidentiary hearing to determine whether Petitioner had diligently sought to develop the factual record in state court. *Schad v. Ryan*, 606 F.3d 1022 (9th Cir. 2010). On petition for certiorari from Respondents, the Supreme Court vacated the Ninth Circuit's opinion and remanded for further proceedings in light of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–99 (2011), in which the Court held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Ryan v. Schad*, 131 S. Ct. 2092 (2011). On remand, the Ninth Circuit affirmed this Court's denial of habeas relief. *Schad v. Ryan*, 671 F.3d 708 (9th Cir. 2011) (per curiam). The Ninth Circuit subsequently denied a motion for rehearing and rehearing en banc in February 2012.

On July 10, 2012, Petitioner moved the Ninth Circuit to vacate its judgment and remand to this Court for additional proceedings in light of *Martinez*, which had been decided in March 2012. On July 27, 2012, the Ninth Circuit denied the motion, and Petitioner filed a petition for writ of certiorari. The Supreme Court denied the petition on October 9, 2012, and denied a petition for rehearing on January 7, 2013.

On the same date as the denial of rehearing, Petitioner filed an emergency motion at the Ninth Circuit requesting a continued stay of the mandate in light of an order granting en banc review issued just three days earlier in another capital case from Arizona. Petitioner argued that the en banc case would be addressing the interaction between *Pinholster* and *Martinez*. The Ninth Circuit denied the motion on February 1, 2013. However, instead of issuing the mandate affirming this Court's denial of habeas relief, the appellate court *sua sponte* construed the emergency stay motion as a motion for reconsideration of the denial of Petitioner's July 2012 motion to vacate judgment in light of *Martinez*. The Ninth Circuit subsequently granted reconsideration, remanded to this Court for application of *Martinez* to Petitioner's sentencing ineffectiveness claim, and stayed an execution warrant for March 6, 2013, which the Arizona Supreme Court had issued following the denial of certiorari. *Schad v. Ryan*, No. 07-99005, 2013 WL 791610 (9th Cir. Feb. 26, 2013.)

On March 4, 2013, the Ninth Circuit denied Respondents' petition for rehearing and rehearing en banc, with eight judges dissenting. *Schad v. Ryan*, 709 F.3d 855 (9th Cir. 2013). On that same date, Respondents moved in the Supreme Court for an order vacating the stay of execution and filed a petition for certiorari. The Court declined to vacate the stay of execution but on June 24, 2013, granted certiorari and reversed the Ninth Circuit with instructions to issue its mandate affirming the denial of habeas relief. *Ryan v. Schad*, 133 S. Ct. 2548 (2013) (per curiam). The Court concluded that the Ninth Circuit abused its discretion in choosing not to issue the mandate based on an argument it had considered and rejected in the July 2012 initial motion to vacate judgment. In doing so, the Court found "no indication that there were any extraordinary circumstances here that called for the [Ninth Circuit] to revisit an argument *sua sponte* that it had already explicitly rejected." *Id.* at 2552.

On June 25, 2013, Respondents moved the Arizona Supreme Court to issue a new warrant of execution. On July 19, 2013, Petitioner filed a petition for rehearing with the United States Supreme Court, which was denied five weeks later. *Ryan v. Schad*, No. 12-1084, 2013 WL 4606329 (U.S. Aug. 30, 2013). Three days prior to that ruling, Petitioner filed the instant motion to vacate judgment based on *Martinez*, and this Court set a briefing schedule. (Docs. 144, 145.) On September 3 and 4 respectively, the Arizona Supreme Court set Petitioner's execution for October 9, 2013, and the Ninth Circuit issued its mandate affirming this Court's denial of habeas relief. Respondents filed an opposition to the instant motion to vacate judgment on September 6, and Petitioner filed a reply on September 13. (Docs. 147, 150.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

For habeas petitioners, a Rule 60(b) motion may not be used to avoid the requirements for second or successive petitions set forth in 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 530–31. This statute has three relevant provisions: First, § 2244(b)(1) requires dismissal of any claim that has already been adjudicated in a previous habeas petition. Second, § 2244(b)(2) requires dismissal of any claim not previously adjudicated unless the claim relies on either a new and retroactive rule of constitutional law or on new facts demonstrating actual innocence of the underlying offense. Third, § 2244(b)(3) requires prior authorization from the court of appeals before a district court may entertain a second or successive petition under § 2244(b)(2). Absent such authorization, a district court lacks jurisdiction to consider the merits of a second or successive petition. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

In *Gonzalez*, the Court held that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim *on the merits*." 545 U.S. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. The Court further explained that a legitimate Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532; *accord United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (observing that a defect in the integrity of a habeas proceeding requires a showing that something happened during that proceeding "that rendered its outcome suspect"). For example, a Rule 60(b) motion does *not* constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—or contends that the habeas proceeding was flawed due to fraud on the court. *Id.* at 532 nn.4–5; *see, e.g.*, *Butz v. Mendoza-Powers*, 474 F.3d 1193 (9th Cir. 2007) (finding a Rule 60(b) motion not to be the equivalent of a second or successive petition where district court dismissed first petition for failure to pay filing fee or comply with court orders and did not reach merits of claims). The Court reasoned that if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction," there is no basis for treating it like a habeas application. *Gonzalez*, 545 U.S. at 533.

On the other hand, if a Rule 60(b) motion "presents a 'claim,' i.e., 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised" habeas application. *Washington*, 653 F.3d at 1063 (quoting *Gonzalez*, 545 U.S. at 530). Interpreting *Gonzalez*, the court in *Washington* identified numerous examples of such "claims," including:

> a motion asserting that owing to "excusable neglect," the movant's habeas petition had omitted a claim of constitutional error; a motion to present "newly discovered evidence" in support of a claim previously denied; a contention that

- 7 -

>a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim; a motion that seeks to add a new ground for relief; a motion that attacks the federal court's previous resolution of a claim on the merits; a motion that otherwise challenges the federal court's determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief; and finally, an attack based on the movant's own conduct, or his habeas counsel's omissions."

*Id.* (internal quotations and citations omitted). If a Rule 60(b) motion includes such claims, it is not a challenge "to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

In their briefs, the parties debate extensively the "law of the case" doctrine as it relates to Petitioner's *Martinez* argument and the existence of extraordinary circumstances to justify relief under Rule 60(b). However, because the requirements for second or successive petitions apply to motions filed under Rule 60(b), the Court is required under *Gonzalez* to first determine whether Petitioner's motion is a legitimate Rule 60(b) motion or is a "disguised" second or successive habeas petition; that is, whether the motion goes to the integrity of the habeas proceedings or is a new request for relief on the merits. If the motion is the equivalent of a second or successive petition, the Court lacks jurisdiction to consider it. *Washington*, 653 F.3d at 1065; *Cooper*, 274 F.3d at 1274. If the motion does not constitute a second or successive petition, the Court must consider whether extraordinary circumstances exist to grant relief from judgment. *See, e.g.*, *Phelps v. Alameida*, 569 F.3d 1120, 1128 (9th Cir. 2009) (considering existence of extraordinary circumstances after observing that Rule 60(b) motion challenging dismissal of petition on statute-of-limitations grounds not the equivalent of a successive habeas petition).

Petitioner's motion does not identify a specific "defect" in the integrity of his habeas proceeding or point to "something that happened during that proceeding that rendered its outcome suspect." *Buenrostro*, 638 F.3d at 722. Rather, throughout his motion, Petitioner repeatedly states that Claim P, alleging ineffective assistance of counsel at sentencing, is a "new, unexhausted, procedurally defaulted claim" to which *Martinez* now provides cause to excuse the procedural default. (Doc. 145 at 5.) Although he does not expressly contend that this Court found Claim P procedurally defaulted, Petitioner nonetheless suggests that his

- 8 -

Rule 60(b) motion is legitimate because it challenges a procedural issue, not a substantive ruling on the merits. (*Id.* at 29.) The record refutes this premise.

In their Answer, Respondents conceded that the relevant sub-parts of Claim P at issue here were properly exhausted in state court and did not assert procedural default as a defense. *See Trest v. Cain*, 522 U.S. 87, 89 (1997) (noting that procedural default is a defense that must be raised and preserved); *see also Wood v. Milyard*, 132 S. Ct. 1826, 1833–34 (2012) (observing that it would be "an abuse of discretion" for a court to override a State's deliberate waiver of a procedural defense). Consequently, the Court ordered supplemental merits briefing on the claim and subsequently reviewed the claim on the merits.[2] At no point did the Court consider whether Claim P was procedurally defaulted or whether Petitioner could establish cause and prejudice to overcome such a default. *Contra Cook v. Ryan*, 688 F.3d 598, 608 (9th Cir.), *cert denied*, 133 S. Ct. 81 (2012) (finding no "second or successive petition" bar to consideration of Rule 60(b) motion premised on *Martinez* where underlying trial ineffectiveness claim was found procedurally barred by district court). Although the Court determined that Petitioner's lack of diligence precluded expansion of the record and an evidentiary hearing to develop new facts in support of Claim P, this was not a procedural determination that "precluded a merits determination." *Gonzalez*, 545 U.S. at 532 n.4.

---

[2] In their opposition to Petitioner's motion to expand the record to include the declaration of Dr. Sanislow, Respondents argued that Petitioner had failed to exercise diligence in developing the factual basis of Claim P in state court. (Doc. 116 at 4–9.) In the concluding paragraph of this argument, Respondents also asserted that expanding the record to include the new declaration "would place the claim in a significantly different evidentiary posture than it was in before the state court, thereby violating the fair presentation requirement." (*Id.* at 9.) In reply, and contrary to his arguments in the instant motion, Petitioner argued that the factual predicate of Claim P had been fairly presented in state court and that Dr. Sanislow's declaration did not "fundamentally alter" the claim, but only supplemented it. (Doc. 119 at 5–6.) Petitioner also pointed out that Respondents elsewhere in their opposition described Sanislow's declaration as "cumulative" to what had been presented in state court. (*Id.* at 6; *see* Doc. 116 at 10.) The Court ultimately denied the motion without prejudice, noting that it would consider whether Petitioner diligently attempted to develop the factual basis of Claim P when it considered the claim on the merits. (Doc. 120.)

1   Rather, this finding under § 2254(e)(2) merely informed the scope of the record to be
2   reviewed in considering the state court's adjudication of the claim's merits under § 2254(d).
3   *But see Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir.), *cert. denied*, 133 S. Ct. 55 (2012)
4   (noting, for claims adjudicated in state court, tension between *Pinholster* limiting § 2254(d)
5   review to record before state court and suggested expansion of *Martinez* to excuse post-
6   conviction counsel's failure under § 2254(e)(2) to fully develop factual basis of claim in state
7   court). Because this Court ultimately found that Claim P provided no basis for habeas relief
8   under § 2254(d), this was, in accord with *Gonzalez*, an "on the merits" ruling. Moreover, the
9   Court alternatively considered the same evidence now advanced by Petitioner in the instant
10  motion and nonetheless determined that Claim P lacked merit. (Doc. 121 at 64–66.)
11  Petitioner's Rule 60(b) motion does not present a new claim; rather, he seeks "a second
12  chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

13  Petitioner rightly notes that the Ninth Circuit affirmed the denial of Claim P based
14  solely on the record that was before the state court, pursuant to the Supreme Court's directive
15  in *Pinholster*, without considering the new evidence developed in these federal habeas
16  proceedings. From this, Petitioner suggests that this Court's alternative consideration of the
17  new evidence is "dicta." (Doc. 150 at 8.) Regardless, the Ninth Circuit's ruling also was an
18  "on the merits" ruling. The Ninth Circuit affirmed this Court's denial of relief under
19  § 2254(d) based on a finding that the state court's adjudication of Claim P was not
20  objectively unreasonable. *Schad*, 671 F.3d at 721–22. This was plainly a merits
21  determination, not a procedural ruling precluding consideration of the merits.

22  The Court finds support for its conclusion in *United States v. Washington*. There, the
23  petitioner argued in a Rule 60(b) motion that the district judge mishandled his § 2255 habeas
24  application by, among other things, declining to conduct an evidentiary hearing. The Ninth
25  Circuit found that the petitioner had not alleged a defect in the integrity of the proceedings
26  but was, in essence, seeking reconsideration of the merits of his claims. 653 F.3d at 1064.
27  The same is true here. The instant Rule 60(b) motion does not allege any specific defect in
28  the integrity of the district court proceedings. Rather, it seeks to have this Court rescind its

original merits ruling on Claim P, *sua sponte* raise and find Claim P to be procedurally defaulted, determine that post-conviction counsel's ineffectiveness provides cause and prejudice to excuse that default, and then (assuming cause and prejudice is shown) reconsider the merits of Claim P *de novo*, without the deference required by § 2254(d).  At its core, the motion attacks both this Court's and the Ninth Circuit's "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." *Gonzalez*, 545 U.S. at 532 n.4.  Thus, it raises a "claim" and must be treated as a second or successive petition pursuant to *Gonzalez*.

## CONCLUSION

Petitioner's Rule 60(b) motion seeks to litigate a claim already adjudicated on the merits by this Court.  It is therefore a second or successive petition, and this Court lacks jurisdiction to consider it absent authorization from the court of appeals pursuant to § 2244(b)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) (**Doc. 145**) is dismissed as an unauthorized second or successive petition.

DATED this 18th day of September, 2013.

Roslyn O. Silver
Senior United States District Judge